Ex parte TALIUTAFA (Chris Young), Petitioner
In re LEVALE of Ta'u, Manu'a, SAVEAERA of Ta'u,
Manu'a, Petitioner

v.

TOAGA of Ta'u, Manu'a, Respondent

No. 29-1945

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Land: "Avasi'i" in Ta'u, Manu'a]

June 20, 1945

C. G. WYCHE, *Chief Justice;* LIUFAU, *District Judge;* and MALEPEAI, *District Judge.*

ORDER

On 23 February 1945, the case of *Levale of Ta'u, Manu'a, and Saveaera of Ta'u, Manu'a, v. Toaga of Ta'u, Manu'a,* was tried in the High Court of American Samoa at Ta'u, Manu'a. A decision in the case was rendered and filed on 31 March 1945.

On 9 May 1945, Taliutafa filed a petition in the High Court which may be construed as a motion to make him a party to the case, to grant a new trial and to reverse the former decision. A hearing on his petition was held before the High Court on 20 June 1945. Upon the call of the case for hearing, Taliutafa objected to having the case heard before the Chief Justice and District Judge Liufau and District Judge Malepeai upon the ground that they had tried the former case. This objection was overruled. He then requested the Court to grant him time to secure witnesses to sustain his claim of title to the land in question. This request was refused upon the ground that the Court was not at this time trying the question of title as decided in the former case.

The first ground of the claim of Taliutafa is that he is the matai of the Taliutafa family and as such should have been notified and made a party to the case when it was tried in Manu'a. The undisputed testimony both in the former case and at the present hearing is that Toaga was the

representative of the members of this family in Manu'a and was agent of Taliutafa and was in charge of all the property on that island for the family. At the time of the trial she made no request for continuance of the case so that Taliutafa might be present but proceeded with the trial on its merits. The evidence further shows that Taliutafa had been notified that the case was tried in Manu'a before the decision was rendered and he made no effort to become a party to the suit until after the decision was filed. The law does not permit one to stand idly by and await the outcome of a lawsuit and if it goes against him make a complaint that he should have been notified. The evidence further shows that on August 9, 1934, Chris Young, who is the same person as Taliutafa in this case, entered a plea of guilty on the criminal side of the District Court of American Samoa to a charge of embezzlement and forgery and was sentenced to pay a fine of One Hundred Dollars and to make restitution of the amount he had embezzled. In 1938 after he was convicted, he sought to register the matai name Taliutafa which he now claims to hold but he did not disclose in his petition for registration his former conviction of the crime of embezzlement and forgery. Section 80 of the Codification of the Regulations and Orders for the Government of American Samoa reads as follows:

"Section 80. Ineligibility for Matai Title for Office Because of Crime.

1. No person who shall, after the enactment of this regulation, be convicted of and sentenced for murder, attempt to commit murder, rape, attempt to commit rape, burglary, robbery, larceny, embezzlement, false pretense, forgery, perjury, smuggling, selling intoxicating drink to natives, or infamous crime, or aiding or abetting therein, shall be eligible to hold any office or position of honor, trust, or profit under the Government of American Samoa, or be permitted to register a matai name; and a pardon granted such person shall not restore his eligibility to such office or position, or his right to register a matai name, unless it is expressly so provided."

It thus appears from the law that one who has been con-

victed of embezzlement and forgery is not eligible to register and hold a matai name and the attempted registration of this name by Chris Young is void and of no effect. The attempted registration of a mati [sic] name by one who is not eligible to hold the title is void *ab initio*. The claim therefore that the petitioner as the matai of the family should have been notified is without merit and cannot be sustained.

The petitioner further contends that there should have been a survey and a description of the land filed for registration of the title. This case was tried on the island of Manu'a where the land is located and where surveys are not available. In many land title cases in American Samoa, it is practically impossible to get accurate descriptions of land by metes and bounds. A certain tract of land is usually given a Samoan name and the boundaries are established by tradition. In the case now before the Court, the land involved was known as Avasi'i and the decision covered that particular tract of land only.

The remaining claims made by the petitioner are that this land is communal property and that his family has been in possession of it for more than 45 years and that they hold title by adverse posesssion. All of these issues were decided in the original case and are fully covered in the decision already rendered.

The record in this case further shows that the petitioner, Taliutafa, has the same interest and right of title to the land in question as his sister Toaga. In the former trial, Toaga's interest was representative of a class, she being one of the heirs who inherited the property from the mother. The petitioner is in the same class. There is a general rule of real estate law which provides that if a case is tried in a court of justice involving the claim of title by one child, that decision becomes the law of the case. A court could not consistently hold that one child was not

221

entitled to an interest in property inherited from the parent and in the next case hold that another child of the same class was entitled to inherit an interest in the same property. Therefore, if this case should be tried again, the decisions would have to be the same.

All parties to this case have been given a fair and impartial trial and a final decision rendered by the High Court of American Samoa. That decision must stand as the law in this case. Now, therefore,

IT IS ORDERED, ADJUDGED AND DECREED that the petition filed by Taliutafa be and the same is hereby denied and overruled.

IT IS FURTHER ORDERED, ADJUDGED AND DE-CREED that the cost of this case be fixed at twenty-five ($25.00) dollars to be paid by the petitioner, Taliutafa.